IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TONY WAYNE ANDERSON, | § | |
| Petitioner, | § | |
| v. | § | Case No. 6:19-CV-396-JDK-KNM |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Tony Anderson, a prisoner proceeding *pro se*, filed this petition complaining of the legality of his conviction. This case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. On September 4, 2019, the Magistrate Judge issued a Report and Recommendation (Docket No. 5), recommending that the action be dismissed because Petitioner had not obtained leave to file a successive habeas petition from the Fifth Circuit. *Id.* at 2. Petitioner timely filed objections on September 20, 2019. Docket No. 7.

Petitioner styled his petition as a "complaint motion" and asserted that he has been kidnapped and held against his will by the State of Texas because he was not afforded due process of law. Docket No. 1 at 1. Petitioner's arguments include: (1) the charging instrument was fatally defective; (2) there was no determination of the existence of probable cause; (3) the court received a false document to make it appear as though Petitioner agreed to plead guilty in exchange for the prosecution dropping federal charges when in fact he had never spoken to the federal prosecutor; (4) Petitioner did not receive Miranda warnings at the open court sentencing phase of his trial;

(5) no evidence existed that could prove Petitioner guilty beyond a reasonable doubt; and (6) Petitioner received ineffective assistance of counsel. *Id.* at 2–3.

The Magistrate Judge construed Petitioner's pleading as a petition for the writ of habeas corpus and recommended that the petition be denied as successive. Docket No. 5 at 2. Petitioner has previously sought habeas corpus relief on this same conviction, and Petitioner failed to show that he received permission from the U.S. Court of Appeals for the Fifth Circuit to file a successive petition, as required by 28 U.S.C. § 2244(b)(3). *Id.* While Petitioner did at one time seek leave from the Fifth Circuit to file a successive petition, he later withdrew his application. *In re: Tony Anderson*, slip op. no. 17-41257 (5th Cir. Jan. 23, 2018). The Magistrate Judge determined that, until Petitioner obtains leave to file a successive petition, the Court lacks jurisdiction to consider his claims. Docket No. 5 at 2.

In his objections, Petitioner asserts that he did not file a habeas corpus petition, but a complaint about being kidnapped and held unlawfully. Docket No. 7 at 1. He also states that he made it known to the Court that there was no evidence of any police reports, no autopsy report, no judicial confession, no evidence of a deceased person, and no evidence that he committed murder. *Id.* at 1–2. He states that he asked for immediate release and appointment of counsel. *Id.* at 2–4. Petitioner argues that, instead of construing his complaint as a habeas petition, the Magistrate Judge should have taken the complaint to the "Special Prosecutors office" and had a warrant issued to remove Petitioner from state custody until a valid charging instrument and plea agreement could be produced, as well as valid evidence that he killed someone. *Id.* at 3–4.

Petitioner's objections are without merit. Petitioner's complaint and objections make clear that he is challenging the legality of his conviction and seeking immediate release from confinement. The Supreme Court has held that habeas corpus is the exclusive remedy when a

prisoner challenges the fact or duration of his confinement and seeks immediate release from prison. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 482 (1973)); *see Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997). Accordingly, the Magistrate Judge properly construed the petition as an application for the writ of habeas corpus.

Having construed the complaint as an application for the writ of habeas corpus, the Magistrate Judge properly concluded that the Court lacks jurisdiction. Petitioner has not secured leave from the Fifth Circuit to file a successive petition, and his petition must therefore be denied. *See, e.g.*, *Evans v. Director, TDCJ-CID*, No. 1:12cv343, 2012 WL 5356053, at *1 (E.D. Tex. Sept. 6, 2012).

Having made a *de novo* review of the objections raised by Petitioner to the Magistrate Judge's Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. The Court therefore adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is hereby **ORDERED** that the Report and Recommendation (Docket No. 5) be **ADOPTED**. It is further

**ORDERED** that Petitioner's petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE** as to its refiling without obtaining permission from the Fifth Circuit, but without prejudice as to its refiling once such permission has been obtained. It is further

**ORDERED** that a certificate of appealability is **DENIED**, with such denial referring solely to an appeal of this case and having no effect upon Petitioner's right to seek permission from the Fifth Circuit to file a successive petition. It is further

**ORDERED** that any and all motions that may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **13th** day of **November, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE